ADAM GORDON
United States Attorney
OLEKSANDRA Y. JOHNSON
Assistant U.S. Attorney
California Bar No. 265442
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-9769
Email: Oleksandra.Johnson@usdoj.gov

Attorneys for the Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 24CR2712-JLS |
|---|---|
| Plaintiff, | |
| v. | **JOINT MOTION TO (1) CONTINUE MOTIONS HEARING; AND (2) EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** |
| GEMMA TRAYA AUSTIN (1), MICHAEL CRIS TRAYA SORDILLA (2), BRYAN NAVALES TAROSA (3), | |
| Defendants. | |

Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Adam Gordon, and Assistant U.S. Attorney, Oleksandra Y. Johnson, and Defendants GEMMA TRAYA AUSTIN, MICHAEL CRIS TRAYA SORDILLA, and BRYAN NAVALES TAROSA (collectively, the "Defendants"), both individually and by and through their respective counsel of record, jointly move for an order to continue the motions hearing currently scheduled for August 29, 2025, at 1:30 p.m., to November 14, 2025, at 1:30 p.m., and to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

PROCEDURAL HISTORY

1. On December 9, 2024, a sealed complaint charging defendants MICHAEL CRIS TRAYA SORDILLA ("SORDILLA") and BRYAN NAVALES TAROSA ("TAROSA") with conspiracy to commit mail and wire fraud was filed in case 24-mj-

04583-JLB. On December 12, 2024, a sealed complaint charging defendant GEMMA TRAYA AUSTIN ("AUSTIN") with conspiracy to commit money laundering was filed in case 24-mj-04657-JLB. All Defendants were arrested in the Southern District of California and made their initial appearances in this District following their apprehension.

2. Defendants SORDILLA and TAROSA were arrested in the Southern District of California on December 9, 2024, and first appeared before a judicial officer of this court on December 10, 2024.

3. Defendant AUSTIN was arrested in the Southern District of California on December 12, 2024, and made her initial appearance before a judicial officer of this court on December 13, 2024.

4. On December 20, 2024, an Indictment charging AUSTIN, SORDILLA, and TAROSA with conspiracy to commit mail and wire fraud (count one) and conspiracy to commit money laundering (count two) was filed in this case. ECF No. 16.

5. Defendants AUSTIN and TAROSA were arraigned on the Indictment on December 24, 2024, and entered not guilty pleas. ECF Nos. 17, 18.

6. Defendant SORDILLA was arraigned on the Indictment on January 7, 2025, and entered a not guilty plea. ECF No. 27.

7. The Court originally set February 14, 2025, for trial setting and a hearing on pretrial motions. Pursuant to the joint requests of the parties, the Court continued that date to May 9, 2025, excluding time under the Speedy Trial Act. ECF Nos. 38, 39.

8. On April 8, 2025, the Court declared this case complex and continued the motion hearing to August 29, 2025, excluding time under the Speedy Trial Act. ECF No. 52.

## APPLICABLE LAW

9. The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), requires trial to commence within 70 days from the date of the Indictment being made public or the date the last defendant first appeared before a judicial officer of the Court in which the charge is pending, whichever is later. Codefendants who are joined for trial generally have one synchronized

Speedy Trial Act clock. *United States v. King*, 483 F.3d 969, 973-74 (9th Cir. 2007) ("Under the STA, a defendant must be brought to trial within seventy days after the indictment or arraignment (whichever comes later) of the last defendant.")

10. Section 3161(h) excludes certain periods of time in calculating the 70 days. That includes delay resulting from pretrial motions, 18 U.S.C. § 3161(h)(1)(D), any proceedings relating to the transfer or removal of any defendant from another district, 18 U.S.C. § 3161(h)(1)(E), a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted, 18 U.S.C. § 3161(h)(6), as well as any delay resulting from a continuance, if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth … either orally or in writing, its reasons" for the finding. *Id.* The court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> …
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

18 U.S.C. § 3161(h)(7)(B). "No continuance under [this provision] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or

*U.S. v. Austin et al*                                   3                                   24CR2712-JLS

failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

## STIPULATIONS

11. In this case, the last of the Defendants was arraigned on the Indictment on January 7, 2025. The ends of justice served by granting the requested continuance, and excluding time from the Speedy Trial clock from August 29, 2025, to November 14, 2025, outweigh the best interest of the public and the Defendants in a speedy trial, for the following reasons:

 a. On December 20, 2024, an Indictment charging AUSTIN, SORDILLA, and TAROSA with conspiracy to commit mail and wire fraud (count one) and conspiracy to commit money laundering (count two) was filed in this case. ECF No. 16.

 b. On January 8, 2025, defendant SORDILLA's motion to compel discovery, preserve evidence, and for leave to file further motions was filed in this case. ECF No. 28.

 c. On January 10, 2025, defendant AUSTIN filed a motion to compel discovery, preserve evidence, and for leave to file further motions. ECF No. 29.

 d. On July 2, 2025, the Court granted Defendant SORDILLA's motion to substitute counsel. ECF No. 56.

 e. On July 2, 2025, the Court granted Defendant TAROSA's motion to substitute counsel. ECF No. 57.

 f. Pursuant to the Defendants' agreement to adhere to the Protective Orders entered by this Court, the United States has been producing discovery to the defense on a rolling basis. The discovery is voluminous and includes numerous search and seizure warrant affidavits and related documents, financial records, reports of interviews, email correspondence, business

records, and phone downloads. The United States intends to produce additional discovery to the defense as it is compiled.

g. The government alleges that in the course of the conspiracy, which spanned over several years, Defendants defrauded hundreds of individuals in a book publishing scam, and used multiple bank accounts to receive and launder victim proceeds. To date, the government has identified payments from approximately 800 individual potential victims, totaling approximately over $47 million, and the analysis is ongoing. Some of the victims sent funds in more than one transaction. Given the number of victims and transactions, numerous financial accounts, and the length of time, discovery is extensive.

h. This criminal case is therefore unusual and more complex than a typical criminal prosecution, and the partiers require additional time for the Defendants to review the discovery, and the parties to consider the charges and negotiate potential resolution.

i. Counsel for the Defendants represent that due to the voluminous discovery and the nature of the case, additional time is necessary to review the discovery and potential evidence in the case, confer with their clients, and conduct legal research.

j. Defense counsel represent that failure to grant the continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

k. The Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

l. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the United States or the defense, or failure on the part of the attorneys for the United States to obtain available witnesses.

    m.  This is the third request for a continuance of the motions hearing in this case.

    n.  Defendants AUSTIN, SORDILLA, and TAROSA are currently in custody pending trial.

12.   Counsel for the Defendants represent that they have discussed the request to declare this case complex and the need for this continuance and tolling of the Speedy Trial clock with the Defendants. The Defendants agree to and join in the request for this continuance.

13.   The parties therefore jointly move for an order continuing the motion hearing, and excluding time under the Speedy Trial Act until November 14, 2025. The proposed date was given to the parties by the Court's courtroom deputy and is the soonest the parties can appear.

14.   For purposes of computing the date under the Speedy Trial Act by which the Defendants' trial must commence, the parties agree that the time period of August 29, 2025, to November 14, 2025 (or the alternative date selected by the Court for the hearing), inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), B(ii), and (B)(iv) because the delay results from a continuance granted by the Court at the Defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is complex and warrants additional time to prepare for pretrial proceedings; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[1]

---

[1] Nothing in this motion shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act

DATED: August 7, 2025

Respectfully submitted,

ADAM GORDON
United States Attorney

*/s/ Oleksandra Y. Johnson*
OLEKSANDRA Y. JOHNSON
Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

So stipulated:

*/s/ Peter Blair, Esq.*                                  August 7, 2025
Peter Blair, Esq.                                         Date
Attorney for Defendant
GEMMA TRAYA AUSTIN

*/s/ Antonio Yoon, Esq.*                              August 7, 2025
Antonio Yoon, Esq.                                      Date
Attorney for Defendant
MICHAEL CRIS TRAYA SORDILLA

*/s/ Tommy Vu, Esq.*                                  August 7, 2025
Tommy Vu, Esq.                                          Date
Attorney for Defendant
BRYAN NAVALES TAROSA

---

may in the future authorize the exclusion of additional time periods from the period within which trial must commence.